UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN RE: JOHN BRINAR §
    Debtor § CAUSE NO. 1:10CV413 LG-RHW
§
§ BANKRUPTCY CASE NO.
§ 09-052635

## ORDER DENYING MOTION TO RECONSIDER

BEFORE THE COURT is the Motion [4] for Reconsideration filed by Appellant John Brinar. Brinar's bankruptcy appeal was dismissed pursuant to Rule 8001(a) when he failed to file an appeal brief or take any other action for four months after his notice of appeal was filed. He states that he was "waiting for the Court to decide the issues of fee waiver as said fees were required prior to proceeding on the appeal at hand." Mot. to Reconsider 2. Brinar filed a motion to proceed *in forma pauperis* in the bankruptcy court, shortly before the notice and record on appeal were transmitted to this Court.[1] B.R. 129, ECF No. 1-1. It does not appear from the portion of the record provided that the motion was considered by the bankruptcy court, but the bankruptcy clerk nevertheless transmitted the documents and they were filed by the District Court Clerk. There is no filing fee in the District Court for a bankruptcy appeal and thus no need to request *in forma pauperis* status from the District Court.

As noted in the Court's dismissal order, Rule 8001(a) of the Bankruptcy Rules allows

---

[1] The bankruptcy court granted Brinar's application to pay the filing fee for his bankruptcy case in installments. B.R. 70, ECF No. 1-1. Later, Brinar filed an application to waive the filing fee. Because Brinar failed to comply with the installment schedule, the bankruptcy court entered an Order to Show Cause. B.R. 96. After a hearing, the bankruptcy court denied the application to waive filing fee and ordered Brinar to pay the remaining balance of his filing fee, finding some ability to pay from Brinar's request to redeem his vehicle. B.R. 121-23. Shortly thereafter, Brinar filed a notice of appeal. His bankruptcy case was dismissed about a month later because he had not paid the filing fee as ordered. B.R. 140-41.

a district court to dismiss an appeal if the appellant fails to take any step required under the rules for proper prosecution of an appeal. The United States Court of Appeals for the Fifth Circuit has affirmed dismissals of bankruptcy appeals when the appellant failed to file a brief within the required time. *See In re Salter,* 251 B.R. 689, 691 (S.D. Miss. 2000) (citing *International Brotherhood of Teamsters v. Braniff Airways, Inc.,* 774 F.2d 1303 (5th Cir. 1985) and *Pyramid Mobile Homes, Inc. v. Speake,* 531 F.2d 743 (5th Cir. 1976)). The Fifth Circuit has also stated that,

> in determining whether dismissal is an appropriate sanction, a district court should keep in mind that some infractions of the rules of bankruptcy procedure are harmless and do not merit dismissal; that dismissal unfairly punishes clients for the mistakes of their counsel in some cases; and that the primary goal of courts as enforcers of the bankruptcy rules should be to ensure the swift and efficient resolution of disputes pertaining to the distribution of the bankruptcy estate.

*In re CPDC Inc.*, 221 F.3d 693, 699-700 (5th Cir. 2000).

Here, Brinar's failure to abide by the bankruptcy rules was not harmless, but prevented the Appellee from responding to the appeal and the Court from resolving it swiftly and efficiently. Further, Brinar was representing himself and was not unfairly punished for another's mistake. For these reasons, the Court declines to reconsider its dismissal of Brinar's bankruptcy appeal.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [4] for Reconsideration filed by Appellant John Brinar is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 6th day of April 2011.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge